# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50567
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2014

Lyle W. Cayce
Clerk

MOLLY PROPERTIES, INCORPORATED

Plaintiff–Appellant

v.

THE CINCINNATI INSURANCE COMPANY,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No.  6:12-cv-00177-WSS

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Appellee-insurer, The Cincinnati Insurance Company ("Cincinnati Insurance"), issued a policy that covered a commercial property owned by Appellant-insured, Molly Properties, Incorporated ("Molly Properties"). After the policy lapsed for nonpayment of premiums, a fire damaged the covered property. Upon the denial of its claim for property damage, Molly Properties sued Cincinnati Insurance for breach of contract. The district court held that the policy was no longer in effect when the fire occurred, and granted summary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No.  13-50567

judgment to the insurer.  Molly Properties contends that that the district court erred when it found that the policy had been cancelled at the time of the fire because Cincinnati Insurance failed to give notice to the mortgagee on the property before it cancelled the insurance, as required by the policy.  We affirm.

Under Texas law, unless the terms of the policy provide otherwise, a policy cancellation is not affected by the failure of the insurer to give a notice of cancellation to the mortgagee.  In *Standard Fire Ins. Co. v. U.S.*, 407 F.2d 1295, 1300 (5th Cir. 1969), the Court held that where an insured property is subject to a mortgage, the Texas Insurance Code "make[s] a new and independent contract between the mortgagee and the insurer."  Here, it is not disputed that Cincinnati Insurance notified Molly Properties that its policy would be cancelled for non-payment of premiums.  Further, the terms of the policy did not condition the cancellation of coverage on notification to the mortgagee that the insured's policy would be cancelled.  Thus, whether or not Cincinnati Insurance gave notice to the mortgagee is irrelevant as to the insured's loss of coverage.  Under *Standard,* Cincinnati Insurance's failure to notify the mortgagee affects only the mortgagee's "independent" contract.

Molly Properties attempts to circumvent *Standard* by characterizing itself as a third-party beneficiary to the agreement between Cincinnati Insurance and the mortgagee.  For Molly Properties to qualify as a third-party beneficiary under Texas law, the contracting parties, *inter alia*, must have intended for Molly Properties to benefit from their promise.  *Talman Home Fed. Sav. & Loan Ass'n of Ill. v. Am, Bankers Ins.*, 924 F.2d 1347, 1350 (5th Cir. 1991).  Further, the intention to confer a benefit to Appellant must be "clearly and fully" stated.  *MCI Telecomms. Corp. v. Tex. Ultils. Elec. Co.*, 995 S.W. 2d 647, 651 (Tex. 1999).  Here, the promise by the insurer to provide a cancellation notice to the mortgagee was made for the benefit of the mortgagee,

2

No. 13-50567

not Molly Properties. Thus, Molly Properties cannot recover as a third-party beneficiary.

AFFIRMED.